UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, F/U/B/O, PITTSFIELD PIPERS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>KALLIDUS TECHNOLOGIES, INC. AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND, INC.<br><br>Defendants, | C.A. No. |

## COMPLAINT

Pittsfield Pipers, Inc. ("PPI"), by and through its attorneys, Cohen Kinne Valicenti & Cook LLP, for its Complaint against Kallidus Technologies, Inc. ("Kallidus") and Fidelity and Deposit Company of Maryland, Inc. ("FDCM"), states as follows:

## PARTIES

1. Plaintiff, United States of America, f/u/b/o, PPI is a Massachusetts Corporation with a principal place of business at 73 Fourth Street, Pittsfield, Massachusetts.

2. Upon information and belief, defendant Kallidus is a foreign corporation registered to do business in Massachusetts and has a place of business at 134 Middle Street, Lowell, Massachusetts.

3. Upon information and belief, defendant Fidelity and Deposit Company of Maryland, Inc. is a foreign corporation with a principal place of business at 100 American Tower Lane, Schamburg, Illinois.

164643

## JURISDICTION

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331, 40 U.S.C. §3133 and 28 U.S.C §1367.

## FACTS

5. The United States of America through the Department of the Army ("Owner") entered into a contract with defendant Kallidus under which Kallidus agreed to act as general contractor on a project known as "Contract Number W912QR-15-C-006, Hanger 1, Building 7087, Phase 1" at Westover Air Force Base in Chicopee, Massachusetts (the "Project").

6. Fidelity & Deposit Company of Maryland, Inc. ("FDCM"), furnished Performance and Payment Bond number PFR 9173805 for the Project, on behalf of Kallidus, as principal, as required by 40 U.S.C. §3131, securing payment of labor and materials furnished on the Project.

7. On or around May 14, 2015, Kallidus entered into a subcontract with PPI under which PPI agreed to furnish plumbing and HVAC work and services on the Project (the "PPI Contract").

8. Because of disagreements with the Owner, poor planning, substandard execution and delays by Kallidus, among other things, the cost of PPI's performance increased dramatically.

9. Notwithstanding the lack of proper performance by Kallidus, PPI performed its obligations under the PPI Contract.

10. Upon information and belief, Kallidus has been paid by the Owner for PPI's work.

11. Kallidus has not paid PPI in full and has unlawfully held payments it has received from the Owner.

164643

12. Upon information and belief, Kallidus has made false statements and false certifications to the Owner in writing, claiming that it made certain payments to PPI, when it had not.

13. Kallidus made these false statements and false certifications to the Owner to cause the Owner to make additional payments to Kallidus.

14. The Department of the Army placed Kallidus on notice of its false certifications, and violations of state and federal law, including the Prompt Pay Act, based on its withholding of payments from PPI.

15. As a result of the foregoing, PPI is owed base damages in excess of $423,000, plus multiple damages and attorneys' fees based on the unfair and deceptive conduct of Kallidus, as described in this Complaint, for a total amount sought in excess of $1,300,000.00.

16. Kallidus has failed to make payment to PPI despite PPI's demands.

17. The damages suffered by PPI are attributable, in whole or in part, to the acts or omissions of Kallidus or those acting under their direction or control.

### COUNT 1
### MILLER ACT PAYMENT BOND – 40 U.S.C. §3131
### (PPI V. FDCM)

18. Plaintiff incorporates by reference the allegations set forth above.

19. PPI furnished labor, services and materials to Kallidus, the bond principal.

20. Ninety days have elapsed since the sums owed to PPI became due.

21. This claim was filed within one year after PPI last furnished labor and materials for the Project.

22. All conditions precedent to the maintenance of this action have been performed.

23. FDCM agreed to be bound jointly and severally to make payment to all persons who furnished labor, material or both in the prosecution of the work for the Project in the event Kallidus failed to make prompt payment to such persons.

24. Kallidus has failed to make payment and PPI is entitled to payment from FDCM for all outstanding amounts due on the Project pursuant to the Miller Act and the payment bond.

### COUNT 2
### BREACH OF CONTRACT
### (PPI V. KALLIDUS)

23. PPI incorporates by reference the allegations set forth above.

24. PPI and Kallidus entered into the PPI Contract in connection with the Project.

25. Under the PPI Contract, PPI agreed to supply plumbing and HVAC work and services for the Project.

26. Under the PPI Contract, Kallidus promised, among other things, to fully compensate PPI for its work.

27. PPI has fully performed its obligations under the PPI Contract.

28. Kallidus has breached the PPI Contract by failing to fully compensate PPI for the work and services PPI performed under the PPI Contract.

29. Kallidus has failed to make payment to PPI despite demands from PPI to do so.

30. Kallidus's breach of the PPI Contract has caused PPI to suffer monetary damages in excess of $423,000.

### COUNT 3
### QUANTUM MERUIT
### (PPI V. KALLIDUS)

31. PPI incorporates by reference the allegations set forth above.

32. PPI conferred a measurable benefit upon Kallidus by fully performing the services to be performed under the PPI Contract and associated change orders.

164643

33. Kallidus accepted the benefit of those services with the understanding that PPI was to be fully compensated for providing those services.

34. PPI provided the benefit with the reasonable expectation of being compensated.

35. Kallidus has not fully compensated PPI.

36. Allowing Kallidus to retain the benefit of those services without compensating PPI is unjust.

## COUNT 4
## VIOLATIONS OF M.G.L. c. 93A
## (PPI v. KALLIDUS)

37. PPI incorporates by reference the allegations set forth above.

38. Kallidus did more than simply breach its payment obligations.

39. Kallidus was paid certain amounts by the Owner based on work performed by PPI.

40. Kallidus owed payments to PPI but withheld payment because of its own economic needs and desires.

41. Kallidus knew that certain amounts it received from the Owner triggered a payment obligation to subcontractors, including PPI, but willfully and intentionally withheld payments.

42. Kallidus failed to disclose the receipt of payments from the Owner to hide its unlawful actions.

43. Kallidus deceptively used large sums of money due to subcontractors for its own benefit.

44. Kallidus has no defense to payment, nor did it assert any valid defense with respect to the monies unlawfully retained.

45. Kallidus made false statements and certifications to the Owner to obtain additional payments. Those false statements and payments included that subcontractors like PPI had been paid in full.

46. Kallidus's actions took place in trade or commerce in Massachusetts.

47. As a result of Kallidus's actions, PPI has suffered a loss of money or property and has suffered damages.

48. Kallidus's actions were unfair, deceptive, willful, and in violation of laws and regulations, including M.G.L. 93A, the regulations promulgated thereunder and the prompt pay statutes, warranting an award of multiple damages, interest, costs and attorneys' fees.

**WHEREFORE**, Pittsfield Pipers, Inc. respectfully requests this court enter a judgment against defendants for PPI's damages, plus interest, costs, multiple damages, attorneys' fees, and other such relief deemed just and appropriate.

<u>Plaintiff Requests a Trial by Jury.</u>

Respectfully submitted,

Pittsfield Pipers, Inc.

By its Attorneys,

*/s/ David Valicenti*
David Valicenti (BBO #632980)
COHEN KINNE VALICENTI & COOK LLP
28 North Street, 3rd Floor
Pittsfield, Massachusetts  01201
(413) 443-9399
dvalicenti@cohenkinne.com

September 26, 2018